UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SCOTT LEWIS RICKNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-139 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA CARUSO et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Patricia Caruso, Mary Berghuis, Julie Van Setters, James Armstrong, Helen Thompson, William Nelson and A. Aquino. The Court will serve the complaint against Defendants Craig Hutchinson, Thomas LaNore, James Barber, Karen Boeve, Judy Irish and Shawn Griffin.

**Discussion**

I.  Factual allegations

Plaintiff is currently incarcerated at West Shoreline Correctional Facility (MTF). In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, MTF Warden Mary Berghuis, Julie Van Setters, Grievance and Appeals Manager James Armstrong, Correctional Medical Services (CMS) Manager Craig Hutchinson, MTF Doctor William Nelson, MTF Physician's Assistant Thomas LaNore, MTF Health Unit Manager Helen Thompson, MTF Nurse Supervisor A. Aquino, MTF Nurse James Barber, MTF Nurse Karen Boeve, former MTF Nurse Judy Irish and MTF Nurse Shawn Griffin for violating his Eighth Amendment rights.

In August 2006, Plaintiff requested a Hepatitis C test from Defendant LaNore. On or about August 8, 2006, Plaintiff tested positive for Hepatitis C and requested treatment. (Compl. at 1, docket #1.) Over the next six months, the MDOC periodically tested Plaintiff's blood for high levels of alanine aminotransferase (ALT), a liver enzyme that is produced in higher amounts when the liver is inflamed. Plaintiff alleges that he consistently had higher than normal ALT levels. (*Id.* at 2.) As a result, Defendant LaNore mentioned that he would request a liver biopsy for Plaintiff in February 2007. When Plaintiff never received a liver biopsy, he sent numerous kites to health care, which were answered by Defendants Barber, Boeve and Irish. (*Id.*) Defendants Barber, Boeve and Irish did not know why the request was delayed. In August 2007, Plaintiff reminded Defendant LaNore about the biopsy. On September 11, 2007, Plaintiff finally received his liver biopsy. (*Id.* at 3.) The biopsy revealed an "enlarged liver with fibrosis, mild moderately active grade two to[] three chronic hepatitis, with decreased blood supply to the liver . . . ." (*Id.* at 3-4.) On November 8, 2007, Defendant LaNore reviewed the biopsy with Plaintiff and requested that he receive

treatment. (*Id.* at 4.) Again, Plaintiff waited to receive treatment. On December 5, 2007, he sent a kite to health care. Defendant Griffin answered the kite, noting that Plaintiff had an upcoming appointment with health care. (Ex. 8 to Compl.)

Plaintiff suffers from fatigue, weakness, and stomach, side and back pains. (Compl. at 3.) The MDOC previously prescribed 600mg of Motrin to Plaintiff for his pain. On December 20, 2007, Defendant Hutchinson, however, recommended that Plaintiff stop taking Motrin due to his liver disease. (*Id.* at 5.) He also advised Plaintiff that treatment for his Hepatitis C should begin in three weeks. (*Id.*) Plaintiff immediately stopped taking Motrin but Defendant Barber refused to prescribe any other pain medication for Plaintiff. "Nurse Barber told me [that] he was going to order me the [M]otrin[]. He said other patients with Hepatitis-C are taking [M]otrin[] and that I should continue taking them also." (*Id.*) On February 1, 2008, Plaintiff finally received treatment for his Hepatitis C, eighteen months after testing positive for Hepatitis C. For relief, Plaintiff requests monetary damages.

    II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make any specific factual allegations against Patricia Caruso, Mary Berghuis, Julie Van Setters, James Armstrong, Helen Thompson, William Nelson and A. Aquino in his complaint. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to alleges that Defendants Patricia Caruso, Mary Berghuis, Julie Van Setters, James Armstrong, Helen Thompson, William Nelson or A. Aquino engaged in any active unconstitutional behavior. The mere naming of a defendant in a lawsuit, without making substantive allegations that the defendant deprived plaintiff of a federally guaranteed right, is insufficient to state a claim and renders the complaint subject to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Jones v. Correctional Medical Sys., Inc.*, 1:07-cv-939, 2007 WL 3102090, at * 2 (W.D. Mich. Oct. 22, 2007); *Estate of Morris v. Dapolito*, 297 F. Supp. 2d 680, 688 (S.D.N.Y. 2004) (collecting cases). Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Patricia Caruso, Mary Berghuis, Julie Van Setters, James Armstrong, Helen Thompson, William Nelson and A. Aquino will be dismissed for failure to state

a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Craig Hutchinson, Thomas LaNore, James Barber, Karen Boeve, Judy Irish and Shawn Griffin.

An Order consistent with this Opinion will be entered.


Date:   March 18, 2008                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE