UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SCOTT LEWIS RICKNER, # 241348, | ) |
| Plaintiff, | ) Case No. 1:08-cv-139 |
| v. | ) Honorable Paul L. Maloney |
| CRAIG HUTCHINSON, et al., | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR LEAVE TO AMEND

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's original *pro se* complaint attempted to state an Eighth Amendment claim against thirteen defendants arising from allegedly improper medical care for plaintiff's hepatitis C. By opinion and order entered March 18, 2008, Chief Judge Robert Holmes Bell determined that plaintiff's complaint failed to state a claim against defendants Caruso, Berghuis, Setters, Armstrong, Thompson, Nelson, and Aquino, for lack of specific allegations of direct wrongdoing by those defendants. The court ordered service of process against the remaining six defendants.

Presently pending before the court is plaintiff's motion requesting leave to amend his complaint and to reassert claims against defendants Nelson, Thompson, and Aquino, each of whom was dismissed from this lawsuit by Judge Bell.

"Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after its initial amendment only by leave of the court, and 'leave shall be freely given when justice so

requires.'" *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(quoting FED. R. CIV. P. 15(a)). The decision whether to permit amendment is entrusted to the court's discretion. *See Zenith Radio v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971). The Supreme Court has stated that leave to amend should be granted in the absence of a good reason to deny it. *Foman v. Davis*, 371 U.S. 178, 182 (1960). "Futility is a proper ground for denying leave to amend . . . ." *Baker v. City of Detroit*, 217 F. App'x 491, 497 (6th Cir. 2007). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff*, 409 F.3d at 767 (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)); *see Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)*; Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *see also Heard v. SBC Ameritech Corp.*, 205 F. App'x 355, 357 (6th Cir. 2006). In adjudicating a claim of futility, the court should use the standard applicable to motions to dismiss, accepting well-pleaded allegations as true. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Applying these standards, I conclude that plaintiff's motion should be denied on grounds of futility.

The court has reviewed plaintiff's amended statement of claim against each of the three parties that he seeks to reintroduce into this case. In each instance, plaintiff's allegations are either impermissibly vague or affirmatively disclose that plaintiff is attempting to hold the added defendants responsible on a *respondeat superior* theory. First, plaintiff alleges in vague fashion that Dr. William Nelson had "direct participation in the decision making process" in that the doctor was "aware" of plaintiff's medical information. He asserts that Dr. Nelson "had actual constructive notice and failed to take action" in violation of the Eighth Amendment. These vague allegations, accepted as true, establish no Eighth Amendment claim against Dr. Nelson. An Eighth Amendment

claim requires an allegation of facts showing deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the subjective component of an Eighth Amendment claim, plaintiff must allege that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.  Negligence cannot satisfy this requirement.  *Id.* at 835-40.  This establishes a high standard for culpability.  A plaintiff's allegation must show not only knowledge but "obduracy and wantonness" on the part of the defendant.  *See Talal v. White*, 403 F.3d 423, 428 (6th Cir. 2005). Plaintiff's conclusory allegations concerning Dr. Nelson, including the allegation that he was "aware" of plaintiff's medical information, falls far short of this standard.  The doctor's mere awareness of plaintiff's medical condition cannot establish the subjective element of wantonness necessary under the Eighth Amendment.  *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (prison health provider guilty of negligence, at most, for misdiagnosis of inmate).

Plaintiff's proposed amendment likewise fails to state a claim against Helen Thompson, the Health Unit manager.  The proposed amendment asserts that in October of 2006, plaintiff was seen by Ms. Thompson concerning a liver biopsy and that one year later, plaintiff was diagnosed with irreversible liver damage.  Such allegations, even if true, would not establish a state-law case for medical malpractice, let alone meet the higher standard for a showing of deliberate indifference.  *See Sanderfer*, 62 F.3d at 154-55 (misdiagnosis does not violate Eighth Amendment).

Finally, plaintiff's amended claim against defendant Aquino, the nursing supervisor, is based upon her signature on a grievance form and her role as supervisor of nurses.  As Judge Bell's opinion pointed out, liability under section 1983 does not arise on a *respondeat superior* theory from the acts of one's subordinates, nor does liability arise because a supervisor denied an

administrative grievance. (Op. at 4, docket # 5). Consequently, plaintiff's allegation that Aquino was "grossly negligent in supervising subordinates" is simply insufficient.

In reviewing plaintiff's motion to amend, the court must accept his well-pleaded facts as true, but is not required to accept conclusory allegations and vague assertions of wrongdoing. Stripped down to its factual essence, plaintiff's proposed amendment does not disclose that Nelson, Thompson, or Aquino were deliberately indifferent to plaintiff's serious medical needs or that they committed any affirmative act in violation of his Eighth Amendment rights. Accordingly:

IT IS ORDERED that plaintiff's motion for leave to amend complaint (docket # 9) be and hereby is DENIED as futile.

DONE AND ORDERED this 10th day of April, 2008.

/s/  Joseph G. Scoville
United States Magistrate Judge