UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| SCOTT LEWIS RICKNER, # 241348, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-139 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| CRAIG HUTCHINSON, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns the adequacy of the medical treatment he received at the West Shoreline Correctional Facility (MTF) for his hepatitis C between August 2006 and February 8, 2008. The seven defendants are Craig Hutchinson, M.D., William Nelson, M.D., Thomas LaNore, P.A., James Barber, R.N., Karen Boeve, R.N., Shawn Griffin, R.N., and Helen Thompson, R.N. An eighth defendant, Judy Irish, R.N., has never been served with process or otherwise appeared in this lawsuit.

On August 12, 2008, defendants Barber, Boeve, Griffin, and Thompson (the MDOC defendants), filed a motion for summary judgment in which they asserted the defense of qualified immunity. (docket # 50). Now before the court is the MDOC defendants' motion for a stay of discovery. (docket # 92). Plaintiff opposes the motion for a stay. (docket # 98). He recently filed a motion to compel discovery from all defendants. (docket # 106). Also pending is the December 4, 2008 motion by defendants Hutchinson, Nelson, and LaNore, ostensibly filed under Rule 12(b)(6)

of the Federal Rules of Civil Procedure, which seeks dismissal of plaintiff's claims on several grounds, including the affirmative defense of plaintiff's failure to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a).  (docket # 91).

For the reasons set forth herein, the MDOC defendants' motion for a stay of discovery will be granted and plaintiff's motion to compel discovery from the MDOC defendants will be denied.  The Rule 12(b)(6) motion by defendants Hutchinson, Nelson, and LaNore will be converted into a motion for summary judgment, and the court's consideration will be limited to whether these three defendants are entitled to judgment in their favor as a matter of law because plaintiff did not properly exhaust his administrative remedies.  Plaintiff's motion to compel discovery from defendants Hutchinson, Nelson, and LaNore will be held in abeyance because none of plaintiff's pending discovery requests relate to the threshold issue of whether plaintiff properly exhausted his available administrative remedies before filing this lawsuit.

## **Discussion**

1.

The MDOC defendants have asserted the defense of qualified immunity and moved for a stay of discovery.  Qualified immunity is immunity from suit rather than a mere defense to liability.  *See  Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).  Until the threshold immunity question is resolved, discovery should not be allowed.  *See  Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Skousen*, 305 F.3d at 526.  The court finds that the MDOC defendants are entitled to a stay of discovery.

Plaintiff has not demonstrated that he is entitled to relief from any portion of the stay. On September 28, 2008, he filed a lengthy response to defendants' motion for summary judgment, supported by more than 200 pages of exhibits. (docket # 69). On November 3, 2008, he filed a surreply to defendants' motion for summary judgment supported by additional pages from his medical records. (docket # 84). A party opposing a motion for summary judgment has no absolute right to additional time for discovery. *See Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). Plaintiff did not file a Rule 56(f) affidavit and he has not provided a description of any discovery needed from the MDOC defendants, nor an affirmative demonstration of how such discovery would allow him to rebut defendants' motion for summary judgment. *See Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir. 2003); *see also Taylor Acquisitions, L.L.C. v. City of Taylor*, No. 07-2242, 2009 WL 415993, at * 8 (6th Cir. Feb. 19, 2009). References in a brief claiming a need for more discovery do not suffice. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000). General pleas for discovery, unsupported by specific facts, are insufficient. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004); *see also Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). The hundreds of pages of medical records that plaintiff has submitted in opposition to defendants' motion for summary judgment severely undermine any belated assertion by plaintiff of a need for discovery from these defendants. Plaintiff has not demonstrated any reason for further delaying a decision on defendants' motion for summary judgment, which has been pending for almost nine months. Accordingly, the MDOC defendants' motion for a stay of discovery will be granted and plaintiff's motion to compel discovery from the MDOC defendants will be denied.

**2.**

Defendants Hutchinson, Nelson, and LaNore, P.A. filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's claims on the basis of the affirmative defense of lack of exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a), and on other grounds. "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 905 (2009). All plaintiff's factual allegations must be taken as true. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Defendants' motion and supporting brief are not limited to an examination of the adequacy of plaintiff's complaint to determine whether it states a claim. FED. R. CIV. P. 12(b)(6); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Defendants have improperly attempted to support their Rule 12(b)(6) motion with exhibits.

Under Rule 12(b)(6) a court is generally restricted to examining the adequacy of the plaintiff's complaint. The Sixth Circuit recognizes that in addition to the allegations of the complaint, "the court may also take into consideration other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008). These exceptions to the general rule are not without limitation. *See Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 909 (2009); *Max Arnold & Sons, LLC v. W. L. Hailey & Co.*, 452 F.3d 494, 502-04 (6th Cir. 2009). Defendants' Exhibits A and B are the 1993 and 2007 versions of MDOC's Policy Directive 03.02.130. It is appropriate for the court to take judicial notice of these public records. *See, e.g.*,

*Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Moorer v. Price*, 83 F. App'x 770, 773 (6th Cir. 2003). The same cannot be said for defendants' Exhibits C, D, and E. Exhibit C is a "Grievance Inquiry Screen" and Exhibits D and E are grievances and grievance responses. The United States Court of Appeals for the Sixth Circuit handles a significant volume of prisoner litigation, yet it has *never* held that these types of documents fall within the public records exception to the general rule. Any innovation in this regard is the province of the Court of Appeals rather than this court.

Rule 12(d) of the Federal Rules of Civil Procedure states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Defendants' motion to dismiss will be converted into a motion for summary judgment, and the court's consideration will be limited to whether plaintiff properly exhausted his administrative remedies as is required by 42 U.S.C. § 1997e(a). Rule 12(d) provides that when a motion to dismiss is converted, the parties must be given a reasonable opportunity to present material that is pertinent to the motion. FED. R. CIV. P. 12(d); *see Gunasekera v. Irwin*, 551 F.3d 461, 466 n.1 (6th Cir. 2009). Plaintiff will be allowed to submit affidavits, documents or other materials in opposition to defendants' motion for summary judgment within 14 days of the date of this memorandum opinion and accompanying order. During this same fourteen-day period, defendants will be allowed to supplement their motion for summary judgment. Defendants' Exhibits C, D, and E are not properly authenticated. *See* FED. R. CIV. P. 56(e)(1); *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993); *see also Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 448 (6th Cir. 2008). Therefore, within the fourteen-day period defendants will be required to submit an affidavit or

affidavits properly authenticating Exhibits C, D, and E. If defendants fail to authenticate Exhibits C, D, and E, the court will be required to exclude the exhibits from its consideration, and the motion for summary judgment will be dismissed for lack of evidentiary support.[1]

**3.**

Defendants Hutchinson, Nelson, and LaNore elected not to file a response to plaintiff's January 15, 2009 motion to compel discovery,[2] nor did they move for entry of a protective order. They are not state officers and so cannot claim entitlement to a stay of discovery on the basis of qualified immunity. *See Harrison v. Ash*, 539 F.3d 510, 521-25 (6th Cir. 2008). Nothing currently before the court refutes plaintiff's claim that these defendants failed to answer his interrogatories. (docket # 106 at 1). Defendants did file objections to plaintiff's first request for production of documents. (docket # 38).

Upon review, the court finds that none of plaintiff's pending discovery requests (docket # 106, Ex A) are directed to the issue of whether plaintiff properly exhausted his available administrative remedies on his claims against defendants Hutchinson, Nelson, and LaNore before filing this lawsuit as is required by the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a);

---

[1] Plaintiff's brief in response to defendants' motion (docket # 104) is not limited to an examination of the adequacy of the allegations appearing his complaint. Instead, plaintiff relies on more than a hundred pages of exhibits. (*Id.*). The only documents that plaintiff submitted which are relevant to the question of exhaustion of administrative remedies are Grievance No. MTF-06-09-708-12d against CMS and related appeals and Step III Grievance No. 241348. (docket # 104. Ex. D). These documents are not authenticated. However, the burden falls on the defendants to provide admissible evidence establishing their affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

[2] The docket entry for the MDOC defendants' response to plaintiff's motion to compel (docket # 108) erroneously indicates that the response was filed on behalf of all defendants.

see *Jones v. Bock*, 549 U.S. at 220; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). As a matter of case management, the court will first determine whether defendants are entitled to judgment in their favor as a matter of law because plaintiff did not properly exhaust his available administrative remedies. Plaintiff's motion to compel discovery from defendants Hutchinson, Nelson, and LaNore will be held in abeyance.

**4.**

Plaintiff named Nurse Judy Irish as a defendant in his February 8, 2008 complaint. Unexecuted summons for Ms. Irish were returned on June 9, 2008 and October 3, 2008. (docket #'s 15, 73). Ms. Irish has never been served with process or otherwise appeared in this lawsuit. It is now long past the 120-day period within which plaintiff was to have achieved service. *See* FED. R. CIV. P. 4(m). Plaintiff is hereby notified of the impending dismissal of all his claims against Judy Irish without prejudice for failure to achieve service within 120 days after filing his complaint. *Id.*

**Conclusion**

For the reasons set forth herein, the motion for a stay of discovery by defendants Barber, Boeve, Griffin, and Thompson will be granted. The motion to dismiss by defendants Hutchinson, Nelson, and LaNore will be converted to a motion for summary judgment limited to whether those defendants are entitled to judgment in their favor as a matter of law under 42 U.S.C. § 1997e(a). Plaintiff's motion to compel discovery will be denied as to defendants Barber, Boeve,

Griffin, and Thompson, and will be held in abeyance with regard to defendants Hutchinson, Nelson, and LaNore.

Dated:  May 1, 20099  /s/  Joseph G. Scoville
  United States Magistrate Judge