UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>COTT</small> L. R<small>ICKNER</small>,
       Plaintiff,

                                  No. 1:08-cv-139

-v-
                                HONORABLE PAUL L. MALONEY

P<small>ATRICIA</small> C<small>ARUSO</small>, <small>ET AL</small>.,
       Defendants.

_____/

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Scott Rickner, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint under 42 U.S.C. § 1983 against thirteen MDOC employees. Plaintiff claims Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment relating to his treatment for hepatitis C. Five Defendants have been terminated from this action. At issue are two motions for summary judgment: (1) a motion for summary judgment by Defendants Barber, Boeve, Griffin, and Thompson, all nurses, (Dkt No. 50) and (2) a motion for summary judgment by Defendants Hutchinson, Nelson, and LaNore[1] (Dkt. Nos. 91 and 119). The magistrate judge issued a report (Dkt. No. 133) with recommendations. First, the magistrate judge recommends dismissing, without prejudice, Defendant Judy Irish, who has never been served. Second, the magistrate judge recommends granting the motion for summary judgment filed by Defendants Barber, Boeve, Griffin, and Thompson and dismissing the claims against them with prejudice. Third, the magistrate judge recommends granting the motion for summary judgment filed by Defendants Hutchinson, Nelson, and LaNore and dismissing the claims against them

---

[1]Defendants Hutchison, Nelson, and LaNore filed a motion to dismiss, which was converted (Dkt. No. 118) into a motion for summary judgment by the magistrate judge. These Defendants then filed a supplement, with exhibits, to their motion. (Dkt. No. 119.)

without prejudice. Finally, the magistrate judge recommends the court impose an injunction against Plaintiff. Specifically, the magistrate judge recommends in any future lawsuits naming Hutchinson, Nelson, or LaNore as Defendants, Plaintiff must include the name of this case and the case number. Plaintiff filed an objection. (Dkt. No. 137.) Defendants Hutchinson, Nelson, and LaNore filed a reply (Dkt. No. 139) to Plaintiff's objection.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[2]Since the report and recommendation was issued, the rule has been amended to allow up to 14 days for objections to be filed. Plaintiff received an extension of time to file objections. (Dkt. No. 136.) His objections were timely filed.

ANALYSIS

A.  Defendant Irish

The magistrate judge recommends Plaintiff's claims against Defendant Irish be dismissed, without prejudice, under Fed. R. Civ. P. 4(m).  No party has objected to this recommendation.  Accordingly, this portion of the report is ADOPTED, without review, as the opinion of this court.  Plaintiff's claims against Defendant Irish are DISMISSED WITHOUT PREJUDICE.

B.  Motion for Summary Judgment filed by Defendants Barber, Boeve, Griffin, and Thompson (Dkt. No. 50)

The magistrate judge concludes these Defendants Barber, Boeve, Griffin, and Thompson (Defendant Nurses) are entitled to summary judgment for claims against them in their official capacity.  Plaintiff does not object to that conclusion.

The magistrate judge concludes Defendant Nurses are entitled to summary judgment on Plaintiff's claim under the Eighth Amendment.  Plaintiff objects.  Plaintiff addresses his Eighth Amendment claims against Defendant Nurses on pages 11 and 12 of his objection. Having reviewed the record *de novo*, the court agrees with the magistrate judge's conclusion.  Plaintiff offers no evidence to link the conduct of the four Defendant Nurses to the alleged delay in having a liver biopsy performed or the alleged delay in treatment after the biopsy.  Plaintiff's allegation against Defendant Nurses is that they had knowledge of his condition, but failed to take affirmative steps to secure treatment for him. Plaintiff's claim, fairly interpreted, is at best a claim for malpractice or negligence, but does not arise to the level of a constitutional violation.

The magistrate judge concludes Defendant Nurses are entitled to summary judgment on

Plaintiff's claims against them in the individual capacities on the basis of qualified immunity. Plaintiff objects. Plaintiff's objection on the issue of qualified immunity generally addresses "defendants" and not specifically Defendant Nurses. Plaintiff's objection does not address the magistrate judge's more specific conclusion that nurse are not required by the constitution to second guess or overrule the opinions of treating physicians as to when a biopsy should be performed or when treatment should begin for hepatitis C. Having reviewed the record on this issue *de novo*, the court agrees with the magistrate judge's conclusion.

For these reasons, the magistrate judge's report and recommendation on Defendant Nurses' motion for summary judgment (Dkt. No. 50) is ADOPTED, over objections, as the opinion of the court. Plaintiff's claims against Defendant Nurses are DISMISSED WITH PREJUDICE.

C. Motion for Summary Judgment filed by Defendants Hutchinson, Nelson and LaNore (Dkt. Nos. 91 and 119)

The magistrate judge concludes Plaintiff did not exhaust his administrative remedies for his claims against Defendants Hutchinson, Nelson, and LaNore because the grievances failed to identify these individuals by name. Plaintiff objects. Plaintiff argues *Jones v. Bock*, 549 U.S. 199 (2007) was not issued until January 22, 2007 and the requirements to identify individuals were not made effective until July 9, 2007, after he filed his grievances. Plaintiff is incorrect. As explained in the report, MDOC policy since April 2003 has required prisoners to, in the body of the grievance, specifically name individuals whose conduct is challenged. The policy at issue in *Jones* was enacted prior to 2003. The court finds the report accurately summarizes the law and the MDOC's grievance policy requirements. Accordingly, the magistrate judge's report and recommendation on the motion for summary judgment (Dkt. Nos. 91 and 119) filed by Defendants Hutchinson, Nelson, and LaNore,

4

is ADOPTED, over objections, as the opinion of the court. Plaintiff's claims against Defendants Hutchinson, Nelson, and LaNore are DISMISSED WITHOUT PREJUDICE.

D. Injunction

The magistrate judge recommends imposing an injunction on Plaintiff to assist the court in monitoring compliance with the Prison Litigation Reform Act and avoid the waste of judicial resource. Plaintiff does not specifically address this recommendation in his objection. To the extent the objection can be read as a disagreement with this particular conclusion, the court finds the recommendation well-reasoned and well-supported. Accordingly, this portion of the report is ADOPTED as the opinion of the court. An injunction against Plaintiff will be entered. Plaintiff shall be required, in any future lawsuit naming Craig Hutchinson, William Nelson, or Thomas LaNore as a defendant, to include the name of this case and its case number.

CONCLUSION

The claims against the remaining Defendants are dismissed. Defendant Irish has never been served and the claims against her are dismissed, without prejudice. Defendant Nurses are entitled to summary judgment on the basis of both qualified immunity and because Plaintiff cannot establish either the objective or subjective elements of a claim for deliberate indifference against them. Plaintiff did not properly exhaust his administrative remedies against Defendants Hutchinson, Nelson and LaNore.

## STATEMENT OF GOOD FAITH APPEAL

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

The court has reviewed the issues for the purpose of whether any appeal would be taken in good faith. The court finds it indisputable that Plaintiff's claims against Defendants Hutchinson, Nelson, and LaNore were not exhausted. Furthermore, Plaintiff lacks any factual basis for either element of his constitutional claim against Defendant Nurses. Plaintiff did not object to either of the other recommendations contained in the report. For these reasons, the court concludes any appeal would be frivolous and not taken in good faith.

For the reasons provided above, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 133) is **ADOPTED**, over objections, as the opinion of the court;

2. The claims against Defendant Judy Irish are **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).

3. The motion for summary judgment (Dkt. No. 50) filed by Defendants Barber, Boeve, Griffin, and Thompson is **GRANTED.** The claims against Defendants Barber, Boeve, Griffin, and Thompson are **DISMISSED WITH PREJUDICE.**

4. The motion for summary judgment (Dkt. Nos. 91, 119) filed by Defendants Hutchinson, Nelson, and LaNore is **GRANTED.** The claims against Defendants Hutchinson, Nelson, and LaNore are **DISMISSED WITHOUT PREJUDICE.**

5. The court issues an **INJUNCTION** against Plaintiff requiring him to identify this case by name and number in any future lawsuit in which Defendants Hutchinson, Nelson or LaNore are named as a defendant.

6. The court concludes any appeal would not be taken in good faith.

Date: July 19, 2010                          /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        Chief United States District Judge